UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CR-154-D-2

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEMECUS DEVONE McMILLAN | SENTENCING MEMORANDUM |

NOW COMES the Defendant, Demecus Devone McMillan, by and through undersigned counsel, and submits this Sentencing Memorandum for this Honorable Court's consideration. Mr. McMillan submits this memorandum in support of a downward variance from the advisory guideline range pursuant to 18 U.S.C. § 3553(a) and the Supreme Court's directive in *United States v. Booker*, 543 U.S. 220 (2005), that the sentencing guidelines are advisory only and not presumptively reasonable. A review of Mr. McMillan's background, his minimal criminal history and the circumstances of his offense conduct reveal that a downward variance is necessary to ensure that his sentence is "'sufficient but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *accord* 18 U.S.C. § 3553(a).

## PROCEDURAL HISTORY

Mr. McMillan was charged in an indictment filed on November 21, 2011, with one count of conspiring to misrepresent a fact material to the lawfulness of the sale of a firearm in violation of 18 U.S.C. § 371. Mr. McMillan pled guilty to this count on February 21, 2012. He was released under pre-trial supervision on December 12, 2011 after self-reporting into federal custody. While on release, he has remained fully compliant with the Court's supervision conditions, including reporting to the supervising officer as directed, participating in the Surprise Urinalysis Program, and never

1

testing positive for illegal drugs.   Sentencing is set for August 29, 2012.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

**Family**

Demecus McMillan ("Demecus"), 20, has lived with his maternal grandparents in Kenansville since he was in the 9th grade.  He was initially raised in Wilmington by his mother, a cosmetologist who has married twice, most recently in April 2011.  He has 2 sisters from his mother's first marriage, which lasted 14 years.  Although his biological parents never married, he maintains a good relationship with his father, who trains horses for a living.  There was no abuse, neglect, substance abuse or financial struggles in his childhood.  He has a good relationship not only with his parents but with both sets of grandparents.  He describes his family as close-knit and willing to help him in every way that they can.

Demecus is single, the father of a one year old son who was born premature weighing 1 ½ lbs. He is devoted to his son and and has been heavily involved in tending to his son's medical and developmental requirements.   See Duplin County Partnership for Children Smart Start program character letter.   He and his girlfriend of 3 years met at church, where she sings in the choir.

**Community Activities**

Individuals in the community describe Demecus as personable, intelligent, capable, and dedicated.  He has loved drums since kindergarten.  He began playing drums for Pike Creek Missionary Baptist Church in Wallace at age 11-12 and plays for his uncle's church every Sunday. He participated in Teen Dynamic and the Drum and Drill Team as a child and still helps that organization out.  He plays drums for his family's singing group and a number of other groups.

Demecus played football, wrestling and varsity lacrosse, and was scouted out for semi-pro football until he hurt his ankle in high school.  He started martial arts training in October 2010 and is

competent in Taekwando, Hopkedo and Jujitsu.  His martial arts activities led to his work as a cage fighter.  He retired from cage fighting due to health problems, but continues to help as needed with the Sprunt Talent Search.

**Education**

Demecus was diagnosed with ADHD in the 4th grade.  He received services from the Exceptional Children's Program and had an Individual Education Plan (IEP).  He enrolled in the Basic Skills program at James Sprunt Community College during the summer of 2009 and has thus far completed five pretests toward his GED.

**Health**

Demecus struggles with high blood pressure, diabetes and thyroid problems  He suffers from depression, mood swings and sleep apnea, and has a family history of bipolar disorder and schizophrenia.  He was diagnosed as bipolar in October, 2011, by his family doctor, Christine Lewis, MD, of the Rose Hill Medical Center.  He was prescribed Abilify after being monitored in a sleep apnea study by Dr. William Goff of Human Growth and Training Associates.

**Employment**

Due to the health struggles noted above, Demecus is not currently working and has applied for disability assistance.  Between February and June 6, 2012, he worked as a residential counselor with Helping Hands for Troubled Youth in Wallace.  He worked as a cage fighter before that.  He installed carpet for 2 years prior to that.  He has made additional money in the past doing lawn maintenance and handyman jobs and helping his father train and shoe horses.

<u>**NATURE AND CIRCUMSTANCES OF THE OFFENSE**</u>

Demecus and codefendant Torrice Nixon were best friends.  They had been living in a rough neighborhood near downtown Wilmington for 2`½ months and participated in cage fighting

tournaments together. They were concerned for their safety because two of their friends had been murdered in 1 week and another friend had been robbed and beaten up. They wanted to get the guns legally and not "hot" off the street, but thought they couldn't buy a gun because of their age. Demecus contacted an older individual that he knew, Brandon Faison, who had the proper permits. On June 10, 2010, Faison bought a Ruger 9mm for Demecus. Demecus paid Faison $100 for the gun. On October 10, 2010, Faison purchased two .45 caliber pistols at the Big Pawn gun store. Faison sold one of the pistols to Daye and the other to Nixon. Demecus and Nixon kept their pistols at the house, but one of the guns was stolen. An ATF agent contacted them because the gun had been involved in a robbery. Demecus voluntarily met with the ATF agent, turned the remaining gun in and has been fully compliant with the investigation. PSR ¶ 9. He has accepted responsibility for his criminal conduct. PSR ¶ 10.

## ARGUMENT

The Supreme Court instructs that a "sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350 (2009). After consideration of the § 3553(a) factors, the Court must make an "individualized assessment" and craft a sentence which is "sufficient, but not greater than necessary, to comply with the purposes of [sentencing]." 18 U.S.C. § 3553(a).." *Gall v. United States*, 552 U.S. 38, 50 (2007); 18 U.S.C. § 3553(a). The sentence imposed must "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense." 18 U.S.C 3553(a)(2)(A). Section 3553(a) instructs the court to consider the offense and offender characteristics, the need for the sentence to reflect the basic aims of sentencing – retribution, deterrence, incapacitation, and rehabilitation – the sentences legally available, and the sentencing

guidelines, and instructs the court to impose a sentence sufficient, but not greater than necessary if the individual circumstances of the offense or characteristics of the defendant warrant a different sentence than the guidelines recommend. *Rita*, 127 S. Ct. at 2463, 2465, 2467-68; *Gall*, 128 S. Ct. at 598-602; *Kimbrough*, 128 S. Ct. at 575.

## THE ADVISORY GUIDELINES

The pre-sentence report ("PSR") prepared by the probation officer in this case calculates Demecus's advisory guidelines range at 10 - 16 months imprisonment based on criminal history category 0 and total offense level of 12 (base offense level 12 plus a 2-level adjustment for offenses involving 3-7 firearms pursuant to 2K2.1(b)(1)(A), and minus a 2-level adjustment for acceptance of responsibility). PSR ¶¶ 25-33. Demecus's entire criminal history up to this point consists of 4 traffic convictions. PSR ¶ 12.

Probation may be used as an alternative to incarceration provided that the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant. USSG, Chapter 5, Part B - Probation, Introductory Commentary. The Comprehensive Crime Control Act of 1984 makes probation a sentence in and of itself.

Prison is generally inappropriate in cases such as Demecus's in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense. *See* 28 U.S.C. § 994(j). Although Section 3553(a)(2)(B) requires the court to consider "the need for the sentence imposed.. . to afford adequate deterrence to criminal conduct", there is no evidence that increases in sentence length reduce crime through deterrence. A lengthy prison term is not "necessary" to satisfy just punishment, to prevent further crimes, or to provide rehabilitation in the

most effective manner.

Section 3553(a)(2)(C) requires the court to consider "the need for the sentence imposed ... to protect the public from further crimes of the defendant, however protection of the public is not as great a concern when the offender is a first offender with little risk of recidivism and the offense which was committed is non-violent and relatively minor. Prison resources should, first and foremost, be reserved for those violent and serious criminal offenders who pose the most dangerous threat to society", permitting "*increased* use of restitution, community service, and other alternative sentences" in all other cases. *See* Pub. L. 98-473, § 239, 98 Stat. 1987, 2039 (1984) (emphasis added).

Applying the § 3553(a) factors noted above, a sentence of 10 - 16 months imprisonment as recommended by the advisory guidelines is greater than necessary to achieve the goals of sentencing in the instant case. Probation, community service, a fine, and/or home confinement is proposed as a more just and fair sentence in this case based on the following:

- Demecus is a good candidate for probation.
- He has strictly complied with all terms and conditions of pretrial release for the past 10 months, including staying out of trouble, remaining drug free and doing his best to complete his education and maintain gainful employment.
- He has never not been convicted of a crime of violence or otherwise serious offense and is a first time offender with only minor traffic convictions.
- His history and characteristics demonstrate that he is attempting to be a law-abiding person.
- He was under 18 when the offense was committed.
- The offense, while serious, was nonviolent and victimless.
- Demecus has good family support and is a positive force in the life of his son, his church and the community at large.

- He has shown that he wants to contribute to society.

- He has accepted full responsibility for his conduct.

- As a consequence of his actions, he will suffer the stigma of a felony conviction for the rest of his life.

## CONCLUSION

For the reasons set forth above, Demecus respectfully requests the Court to grant a downward variance below the advisory guidelines range of 10 - 16 months. Specifically, he requests the court to consider probation, community service, a fine, and/or home confinement as a sentence "sufficient but not greater than necessary to achieve the purposes of sentencing" on the basis that such a sentence would serve the goals of sentencing far better than incarceration in this case.

Respectfully submitted this 24th day of August, 2012.

THOMAS P. McNAMARA
Federal Public Defender

*/s/Raymond C. Tarlton*
RAYMOND C. TARLTON
Assistant Federal Public Defender
Attorney for Defendant
of the Federal Public Defender
150 Fayetteville Street
Suite 450, Wachovia Capital Center
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Raymond_Tarlton@fd.org
N.C. State Bar No. 38784
LR 57.1 Counsel Appointed

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

KIMBERLY MOORE
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on August 24, 2012, using the CM/ECF system which will send notification of such filing to the above.

This the 24th day of August, 2012.

*/s/Raymond C. Tarlton*
RAYMOND C. TARLTON
Assistant Federal Public Defender
Attorney for Defendant
of the Federal Public Defender
150 Fayetteville Street
Suite 450, Wachovia Capital Center
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Raymond_Tarlton@fd.org
N.C. State Bar No. 38784
LR 57.1 Counsel Appointed